2008 UT App 12

**Steven McCOWIN, Plaintiff and Appellant,**

v.

**SALT LAKE CITY CORPORATION, Barry Rasmussen, and Mark Hammond, Defendants and Appellees.**

**No. 20061114–CA.**

Court of Appeals of Utah.

Jan. 10, 2008.

Steven McCowin, Salt Lake City, Appellant Pro Se.

Lynn H. Pace, Peggy A. Tomsic, and Kristopher S. Kaufman, Salt Lake City, for Appellees.

Before Judges BENCH, BILLINGS, and ORME.

MEMORANDUM DECISION

BILLINGS, Judge:

¶ 1 Plaintiff Steven McCowin appeals the trial court's dismissal of his complaint for permanent injunctive relief against Defendants Salt Lake City Corporation, Barry Rasmussen, and Mark Hammond, pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 12(b)(6). We affirm.[1]

¶ 2 In accordance with the Salt Lake City Code (City Code), Rasmussen and Hammond properly submitted an application to the Salt Lake City Historic Landmark Commission

---

1. The trial court dismissed Plaintiff's complaint and reasoned that Plaintiff had "no protectible property right for purposes of constitutional due process" and that the "deprivation of a procedural right to be heard ... is not actionable when there is no protected right." We do not address the trial court's reasoning because we affirm on alternate grounds.

(the Commission) for a permit to construct a new two-story structure in Salt Lake City, Utah. According to the City Code, the Commission is required to provide notice fourteen days in advance of the public hearing to all landowners within eighty-five feet of the property for which the application has been submitted. *See* Salt Lake City, Utah, Code § 21A.10.020.E.1 (2007). The City Code further requires that "[t]he notice for mailing ... shall state the substance of the application and the date, time[,] and place of the public hearing, and the place where such application may be inspected by the public." *Id.* § 21A.10.020.G.

¶ 3 It is undisputed that Plaintiff received and read the notice regarding Rasmussen and Hammond's structure, which was identified as a "garage." Plaintiff's concern is with the substance of that notice, which he argues was inadequate and deceptive. Particularly, Plaintiff argues that the term garage, used to describe the structure, was deceptive because the structure was a two-story structure considerably larger than a typical garage. We disagree. Instead, we conclude that based upon a plain reading of the notice and the relevant City Code regulations and definitions, the term garage in this case gave Plaintiff the notice required by law and was therefore neither deceptive nor misleading.

¶ 4 The City Code defines "garage" as "a building, or portion thereof, used to store or keep a motor vehicle." *Id.* § 21A.62.040. While the parties themselves, or any number of other individuals for that matter, might disagree on the exact definition or acceptable size of a residential garage, there is no contention that the structure in question is not "used to store or keep a motor vehicle." *See id.* Furthermore, and rather importantly, the actual dimensions of the garage at issue here fit within the City Code's approved dimensions for a garage.

¶ 5 The Commission was not required to disclose specific particulars of the structure in the notice, such as its square footage or height. As the City points out, it would be impossible for city staff to attempt to identify every relevant detail of every building application in every notice.

¶ 6 Moreover, the notice in this case also included the name and phone number of a city planning staff member who could address any questions about the structure, and the site plan and preliminary construction drawings were placed on file in the public record. All of this information was available to Plaintiff *before* construction began. Indeed, one of the very purposes of requiring that notice be given to nearby landowners is to prevent disputes after construction has begun.

¶ 7 We find no defect in the notice given to Plaintiff regarding the construction of the garage. We therefore affirm.

¶ 8 WE CONCUR: RUSSELL W. BENCH and GREGORY K. ORME, Judges.